IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARRETT PADILLA,

    Petitioner,

vs.                                                                                      No. 24-cv-589 DHU/KBM

ABIGAIL ARAGON,
REBEKKAH TURLEY, and
CONRAD PEREA,

    Respondents.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court on Petitioner Garrett Padilla's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) ("Petition"), filed June 10, 2024.  Petitioner is proceeding *pro se* and brings claims against Defendants regarding a child custody dispute in State court.  Also before the Court are Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) ("IFP Motion"), Motion to E-File Using CM/ECF (Doc. 4), Motion for Extension of Time to Respond (Doc. 8), and Motion for Sanctions (Doc. 10).  Respondents Aragon and Perea filed a Motion to Dismiss (Doc. 6), and *pro se* Respondent Turley filed a Motion to Refer Case to Crisis Center of Northern New Mexico for Supervised Visitation (Doc. 15).  Having reviewed the submissions of the parties, the Court dismisses the Petition without prejudice.

## BACKGROUND

        Petitioner initiated this case on June 10, 2024 by filing a § 2241 Habeas Corpus Petition. (Doc. 1).  He states he is bringing claims "on behalf of his minor son" and names as Respondents State court judges Aragon and Perea, as well as Respondent Turley, who is the mother of the

child. (Doc. 1) at 1. He asks the Court to release his son "from custody of Rebekkah Turley." *Id.* at 7.

In their Motion to Dismiss, Respondents Aragon and Perea explain there are three pending New Mexico State court actions between Petitioner and Respondent Turley: D-412-DM-2024-00017, D-307-DM-2024-00392, and D-307-DM-2027-00267. (Doc. 6) at 3-4. In the first two cases, Petitioner and Respondent Turley, respectively, seek to establish parentage, determine custody and time sharing, and assess child support. The third case is an application for an order of protection by Respondent Turley against Petitioner. Respondents Aragon and Perea ask the Court to dismiss Petitioner's claims against them on the following grounds: (1) Petitioner does not qualify for habeas relief under 28 U.S.C. § 2241; (2) Petitioner fails to allege a federal question; (3) the Court lacks jurisdiction under the *Younger* abstention doctrine; and (4) Petitioner fails to state a claim upon which relief may be granted. *Id.* at 6-11.

## DISCUSSION

The Petition is governed by Habeas Corpus Rule 4. Rule 4 requires a *sua sponte* review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition." Habeas Corpus Rule 4. Rule 4 may be applied in the Court's discretion to actions brought under 28 U.S.C. § 2241. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to habeas corpus petitions."); *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the § 2254 rules to a § 2241 proceeding).

Relief is only available under § 2241 where the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). The "in-custody language …. is jurisdictional." *Rosales v. Milyard*, 541 Fed. App'x 874, 880 (10th Cir.

2013) (citing *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008)); *see also Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement."). Petitioner here is not in custody. Instead, he seeks habeas corpus relief on behalf of his minor son because Respondent Turley has custody of the child, and "Judge Abigail Aragon is acting as a warden to keep" the child in the custody of Ms. Turley. (Doc. 1) at 1. Because Petitioner is not in custody within the meaning of § 2241(c)(3), the Court lacks subject matter jurisdiction over this case under § 2241. *See Rosales*, 541 Fed. App'x at 880. The Court, therefore, will dismiss Petitioner's claims under § 2241.

Having determined the Petition must be dismissed, the Court will *sua sponte* consider whether to allow Petitioner to amend the pleading. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se parties should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts need not order an amendment when any amended claims would also be subject to immediate dismissal under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). As a matter of law, Petitioner cannot pursue the relief he seeks under § 2241 because he is not in custody. Petitioner attaches to his § 2241 Petition a mostly blank Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. (Doc. 1) at 10-15. Petitioner does not raise any claims in this attachment and repeatedly cites to a filing in his State court case. *See id.* For clarity of the record, the Court declines to *sua sponte* order an amendment and will dismiss the Petition. The dismissal will be without prejudice to Petitioner filing a separate civil rights proceeding.

If Petitioner chooses to file a civil rights proceeding, Section 1983 only authorizes suit against someone acting "under color of state law." 42 U.S.C. § 1983; *Jojola v. Chavez*, 55 F.3d

3

488, 492 (10th Cir. 1995) ("The 'under color of state law' requirement is a jurisdictional requisite for a § 1983 action. … "[P]rivate conduct that is not 'fairly attributable' to the State is simply not actionable under § 1983.") (citation omitted).  Petitioner may not represent or act on behalf of others.  *See Lewis v. Clark*, 577 Fed. App'x 786, 793 (10th Cir. 2014) (unpublished) (A "litigant may bring his own claims to federal court without counsel, but not the claims of others.") (citations omitted).  In addition, claims regarding ongoing State court proceedings may be subject to the *Younger* abstention doctrine, which provides that "federal courts should not interfere with state court proceedings by granting equitable relief-such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings – when a state forum provides an adequate avenue for relief."  *Weitzel v. Div. of Occupational & Prof'l Licensing*, 240 F.3d 871, 875 (10th Cir. 2001) (citing *Younger v. Harris*, 401 U.S. 37 (1971)); *see also Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack jurisdiction over '[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.'") (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).  Plaintiff should consider these issues if he chooses to pursue a civil rights proceeding.

For these reasons, the Court grants Respondents Aragon and Perea's Motion to Dismiss Petitioner's § 2241 Petition.  The Court dismisses the Petition without prejudice as to Petitioner filing a separate civil rights proceeding, and this dismissal "does not count as a strike under [28 U.S.C.] § 1915(g)."  *See Carbajal v. McCann*, 808 Fed. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing between procedural dismissals and screening dismissals for failure to state a claim).  To the extent necessary, the Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction over

habeas claims here is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong"). While Petitioner's IFP Motion reflects he has the financial resources to pay the filing fee, the Court will not assess fees in this proceeding because it lacks jurisdiction over the habeas claims. The Court denies all other motions as moot.

**IT IS THEREFORE ORDERED** that Respondents Aragon and Perea's Motion to Dismiss (**Doc. 6**) is **GRANTED** and Petitioner Garrett Padilla's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice** as to Petitioner pursuing a separate civil rights proceeding.

**IT IS FURTHER ORDERED** that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (**Doc. 2**), Motion to E-File Using CM/ECF (**Doc. 4**), Motion for Extension of Time to Respond (**Doc. 8**), and Motion for Sanctions (**Doc. 10**), and Respondent Turley's Motion to Refer Case to Crisis Center of Northern New Mexico for Supervised Visitation (**Doc. 15**), are all **DENIED as moot**.

**IT IS FINALLY ORDERED** that a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE